## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**SOUTHERN-OWNERS INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                    **CASE NO.:**

**JUAN FARRERA, MINCA FARRERA, husband
and wife, JASON ANDREWS, a Florida Resident,
and JASON ANDREWS CONSTRUCTION, INC.,
a Florida Corporation.**

    **Defendants.**

---

## <u>SOUTHERN-OWNERS INSURANCE COMPANY'S<br>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff, SOUTHERN-OWNERS INSURANCE COMPANY ("SOIC"), by and through undersigned counsel and pursuant to Rule 57 of the Federal Rules of Civil Procedure, hereby files this Complaint for a Declaratory Judgment, and states as follows:

1.    SOIC is a corporation organized and existing under the laws of the state of Michigan, with its principal place of business in Michigan.

2.    Upon information and belief, JUAN FARRERA and MINCA FARRERA, husband and wife (collectively the "FARRERAS") were residents of Bay County, Florida.

3.     JASON ANDREWS was a resident of Bay County, Florida.

4.     JASON ANDREWS is the president and registered agent for JASON ANDREWS CONSTRUCTION, INC.

5.     JASON ANDREWS CONSTRUCTION, INC., ("ANDREWS CONSTRUCTION"), is a Florida corporation organized and existing under the laws of the state of Florida with its principal place of business in Bay County, Florida.

6.     On or about May 2, 2019 JUAN FARRERA was a construction worker working on a job site located at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida.

7.     ANDREWS CONSTRUCTION was a contractor for the construction project located at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida.

8.     De Leon Construction, LLC was a subcontractor working for ANDREWS CONSTRUCTION at the construction project located at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida.

9.     JUAN FARRERA was an employee of either ANDREWS CONSTRUCTION or De Leon Construction and was working at the construction project located at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida.

10.    JUAN FARRERA was working on the roof of the construction project on May 2, 2019 when he fell through the roof and was injured.

11.    SOIC insured ANDREWS CONSTRUCTION under a policy of Commercial Liability Insurance, Policy Number 102322-78322722-19 ("Policy") from February 23, 2019 until February 23, 2020. A true and correct copy of the Policy is attached hereto as Exhibit "A".

12.    On May 29, 2020, the FARRERAS filed a lawsuit in the Circuit Court of Bay County, Florida, Case Number 03-2020-CA-001062.    A Third Amended Complaint was filed on December 16, 2021 and is the operative complaint in the underlying state court litigation. A true and correct copy of the Third Amended Complaint is attached hereto as Exhibit "B".

13.    The underlying State Court Action alleges Negligence and Gross Negligence against JASONS ANDREWS and ANDREWS CONSTRUCTION and Negligence Vicarious Liability against ANDREWS CONSTRUCTION.    It also alleges Negligence and Gross Negligence against De Leon Construction and the Brudnicki Family Limited Partnership and Loss of Consortium against all defendants.

14.    This Declaratory Judgment Action involves whether SOIC owes a duty to    defend    and/or    indemnify    JASON    ANDREWS    and/or    ANDREWS

3

CONSTRUCTION in the underlying State Court Action pursuant to the policy of insurance covering ANDREWS CONSTRUCTION.

15. This Declaratory Judgment Action involves the following issues:

a. Employer's Liability Exclusion

b. Workers Compensation and Similar Laws Exclusion

c. Who is an insured under the SOIC policy

d. The Expected or Intended Injury Exclusion

16. These issues do not involve issues of common fact with the pending State Court Action.

17. JASON ANDREWS, ANDREWS CONSTRUCTION, and the FARRERAS have or claim an interest in the outcome of the insurance coverage issues to be decided through the Declaratory Judgment sought by this action.

**JURISDICTION AND VENUE**

18. This Court has original jurisdiction over this action under the provision of 28 U.S.C. Sec. 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

19. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391.

4

## NATURE OF ACTION

20.     This is a Complaint for Declaratory Judgment brought pursuant to Chapter 86, Florida Statutes, Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. Sec. 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff and Defendants.

## THE UNDERLYING CLAIMS

21.     ANDREWS CONSTRUCTION is a for-profit corporation that is authorized to do business in the State of Florida.

22.     ANDREWS CONSTRUCTION was a contractor hired by the property owner at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida to make repairs to the roof of the home at that address.

23.     DeLeon Construction was a subcontractor for ANDREWS CONSTRUCTION on the project located at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida.

24.     JUAN FARRERA was an employee of De Leon Construction and/or ANDREWS CONSTRUCTION while working on the project located at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida.

25.    The Third Amended Complaint filed by the FARRERAS alleges that
JASON ANDREWS, ANDREWS CONSTRUCTION and De Leon Construction all
had the following duties:

a.    A duty to warn JUAN FERRARA of latent hazards they created;

b.    A duty to maintain the job site in a reasonably safe condition;

c.    A duty to refrain from creating dangerous conditions on the job site;
and

d.    A duty to inspect the premises in a reasonable manner.

26.    The Third Amended Complaint filed by the FARRERAS alleges that
ANDREWS CONSTRUCTION and De Leon Construction all had the duties
outlined in Paragraph 21 above and in addition had a duty to provide JUAN
FERRARA with adequate fall protection equipment.

27.    The Third Amended Complaint filed by the FARRERAS alleges that
JASON ANDREWS, ANDREWS CONSTRUCTION and De Leon Construction all
breached their duties by the following:

a.    Failing to provide proper fall protection;

b.    Failing to maintain the premises in a reasonably safe manner.

c.    Failing to inspect the premises;

d.    Failing to supervise the premises;

6

e.    Failing to properly construct the premises;

f.    Failing to ensure compliance with industry standards, building codes and applicable laws;

g.    Failing to train JUAN FARRERA in the hazards of falling and how to minimize those hazards;

h.    Failing to secure a section of the roof that appeared secure; and

i.    Failing to warn JUAN FARRERA of the dangerously placed, unsecured portion of the roof.

28.    Third Amended Complaint filed by the FARRERAS alleges that JASON ANDREWS, was a construction worker working on the jobsite at 2819 Dr. Martin Luther King, Jr. Boulevard in Bay County, Florida. (Exhibit B, P. 11).

29.    The Third Amended Complaint filed by the FARRERAS alleges that JASON FARRERA was a business invitee of De Leon Construction and ANDREWS CONSTRUCTION working at the premises. (Exhibit B, Par. 12).

30.    The Third Amended Complaint filed by the FARRERAS alleges that JASON ANDREWS was JUAN FARRERA'S supervisor.   (Exhibit B, Par 13.)

31.    While the Third Amended Complaint does not specifically allege that JUAN FARRERA was an employee of either De Leon Construction or ANDREWS CONSTRUCTION, it is clear from the allegations that an employer/employee

7

relationship existed between JUAN FARRERA and either De Leon Construction or ANDREWS CONSTRUCTION.

32.    Employees of a subcontractor are statutory employees of the contractor and statutory employees are treated identically to actual employees for purposes of standard employee exclusion clauses.  See, Florida Ins. Guar. Ass'n v. Revoredo, 698 So.2d 890, 891-92 (Fla. 3d DCA 1997).

33.    SOIC alleges and asserts that there is no coverage for JASON ANDREWS, and ANDREWS CONSTRUCTION for the allegations made in Third Amended Complaint filed by the FARRERAS based on the language of the policy and the exclusions contained in the policy, including but not limited to the Employer's Liability Exclusion, the Workers Compensation and Similar Laws Exclusion, the Expected or Intended Injury Exclusion and the provisions in the policy declaring who is an insured.

## THE INSURANCE CONTRACT

34.    SOIC issued the Policy to ANDREWS CONSTRUCTION with effective dates of February 23, 2019 to February 23, 2020. The Policy was subject to certain terms and conditions and applicable law. (The Full Policy including Declarations Page is attached as Exhibit "A").

8

35.    The Policy provided coverage in the amount of $1,000,000.00 Each Occurrence and $2,000,000.00 General Aggregate.

36.    After receiving notice of the underlying lawsuit filed against JASON ANDREWS and ANDREWS CONSTRUCTION, SOIC sent correspondence to ANDREWS CONSTRUCTION in which SOIC provided notice of its reservation of rights to contest coverage for the claims asserted. A true and correct copy of said correspondence is attached hereto as Exhibit "C".

37.    SOIC is unsure of its defense and indemnity obligations to JASON ANDREWS and ANDREWS CONSTRUCTION under the Policy.

38.    After receiving notice of the underlying lawsuit against JASON ANDREWS and ANDREWS CONSTRUCTION, SOIC retained counsel to defend JASON ANDREWS and ANDREWS CONSTRUCTION against the underlying lawsuit, subject to the aforementioned reservation of rights.

39.    The Policy issued by SOIC to ANDREWS CONSTRUCTION contains certain pertinent provisions, exclusions, and conditions of coverage which preclude and/or limit coverage.

40.    It is SOIC's position that:

a.    The terms of the Policy issued by SOIC to ANDREWS CONSTRUCTION affords no coverage for the claims asserted and damages sought in the underlying lawsuit; and

b.    SOIC has no duty to defend JASON ANDREWS or ANDREWS CONSTRUCTION based on the allegations in the Third Amended Complaint filed in the underlying State Court Action and the terms of the policy issued by SOIC to ANDREWS CONSTRUCTION.

c.    SOIC has no duty to indemnify JASON ANDREWS or ANDREWS CONSTRUCTION in the underlying lawsuit.

41.    JASON ANDREWS, ANDREWS CONSTRUCTION and the FARRERAS have taken the position that there is coverage under the SOIC policy.

42.    There is a current and genuine dispute between the parties as to their respective rights and obligations under the Policy.

43.    The Policy provides in pertinent part:

\*\*\*

**Insuring Agreement**

We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

\*\*\*

10

<u>See</u> Page 22 of Exhibit "A".

44.    Under Coverage A, the Policy provides in pertinent part that:

***

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

***

<u>See</u> Page 22 of Exhibit "A".

45.    The Policy defines "bodily injury" as follows:

***

4. "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

***

<u>See</u> Page 35 of Exhibit "A".

46.    The Policy defines "employee" as follows:

***

6. "employee" includes a "leased worker". "Employee" does not include a "temporary worker".

*\*\**

<u>See</u> Page 36 of Exhibit "A".

    47.    The Policy defines "leased worker" as follows:

*\*\**

    11. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and he labor leasing form, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

*\*\**

<u>See</u> Page 37 of Exhibit "A".

    48.    The Policy defines "temporary worker" as follows:

*\*\**

    22. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

*\*\**

<u>See</u> Page 39 of Exhibit "A".

    49.    The Policy defines "occurrence" as follows:

*\*\**

    14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*\*\**

<u>See</u> Page 37 of Exhibit "A".

50.    The Policy issued to Lyons contains certain exclusions, including exclusions for "Expected Or Intended Injury", "Workers Compensation And Similar Laws" and "Employer's Liability".   Those exclusion states as follows:

***

**2.    EXCLUSIONS**

**This insurance does not apply to:**

**a.  Expected or Intended Injury**

"Bodily Injury" or "property damage" expected or intended from the standpoint of he insured.   This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

**d.  Workers Compensation And Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment law or any similar law.

**e.  Employer's Liability**

"Bodily injury to:

(1)    An "employee" of the insured arising out of and in the course of employment by the insured; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

13

(1)     Whether the insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*\*\*

See Page 23 of Exhibit "A".

## COUNT I

### DECLARATORY JUDGMENT THAT JASON ANDREWS IS NOT AN INSURED UNDER THE SOIC POLICY AND THUS THERE IS NO DUTY TO DEFEND OR INDEMNIFY JASON ANDREWS FOR THE ALLEGATIONS AGAINST HIM IN THE THIRD AMENDED COMPLAINT.

51.     SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

52.     Under the terms of the Policy, SOIC agreed to afford coverage to ANDREWS CONSTRUCTION for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

14

53.    ANDREWS CONSTRUCTION is a corporation organized and existing under the laws of the State of Florida.

54.    The policy specified who is an insured under the policy in SECTION II – WHO IS AN INSURED.

55.    SECTION II – WHO IS AN INSURED provides that for an organization other than a partnership, joint venture or limited liability company, an insured includes the executive officers or directors of the company, but only with respect to their duties as an officer or director.

56.    There is no allegation of liability in the Third Amended Complaint directed against JASON ANDREWS based on his duties as an officer or director of ANDREWS CONSTRUCTION.

57.    There are allegations of liability in the Third Amended Complaint directed against JASON ANDREWS as an employee of ANDREWS CONSTRUCTION.

58.    SECTION II – WHO IS AN INSURED provides that employees of a named insured are insureds under the policy, however no employees or volunteer workers are insureds under the policy for bodily injury to a co-employee while in the course of his or her employment or performing duties related to the conduct of

the business of the insured or to other volunteer workers while performing duties related to he conduct of the insured's business.

59.    JUAN FARRERA was either an employee of ANDREWS CONSTRUCTION or its subcontractor DeLeon Construction at the time of his injuries, thus JUAN FARRERA was either a co-employee or statutory co-employee of JASON ANDREWS.

60.    JUAN FARRERA was in the course of his employment and/or statutory employment and was performing duties related to the conduct of the business of ANDREWS CONSTRUCTION at the time of his injuries.

61.    JASON ANDREWS is thus not an insured under the SOIC policy and is not entitled to a defense or indemnity under the SOIC policy.

WHEREFORE, SOUTHERN-OWNERS INSURANCE COMPANY respectfully requests that this Honorable Court enter Judgment JASON ANDREWS is not an insured under the SOIC policy and is thus afforded no coverage under the Policy for the claims asserted against him and for the damages sought by JUAN FARRERA and MINCA FARRERA in the underlying Third Amended Complaint, and that SOUTHERN-OWNERS INSURANCE COMPANY consequently has no duty to defend or indemnify JASON ANDREWS against those claims and that

SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action;

and an any further relief that this Court deems proper and just.

## COUNT II

### DECLARATORY JUDGMENT THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY JASON ANDREWS FOR THE ALLEGATIONS OF GROSS NEGLIGENCE AGAINST HIM IN THE THIRD AMENDED COMPLAINT BASED ON THE "EXPECTED OR INTENDED INJURY" EXCLUSION.

62.    SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

63.    Under the terms of the Policy, SOIC agreed to afford coverage to ANDREWS CONSTRUCTION for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

64.    The "Expected Or Intended Injury" exclusion applies to "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

65.    The FARRERAS assert that JASON ANDREW'S alleged negligence was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct and

conditions and as a result arose to the level of gross negligence.   A "conscious" disregard is alleged is tantamount to expecting or intending the alleged injury to occur, thus the allegations of gross negligence are excluded.

66.   Florida public policy also excludes insurance coverage for "punitive damages", thus to the extent the Third Amended Complaint can be construed to allege punitive damages, such damages are not covered by the SOIC policy.

67.   SOIC is entitled to a Judgment declaring that JASON ANDREWS is afforded no coverage under the Policy for any damages for the "Gross Negligence" alleged in the underlying lawsuit .

WHEREFORE,   SOUTHERN-OWNERS   INSURANCE   COMPANY respectfully requests that this Honorable Court enter Judgment JASON ANDREWS is afforded no coverage under the Policy for the "Gross Negligence" claims asserted and the damages sought by JUAN FARRERA and MINCA FARRERA in the underlying   Complaint,   and   that   SOUTHERN-OWNERS   INSURANCE COMPANY consequently has no duty to defend or indemnify JASON ANDREWS against those claims and that SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action; and an any further relief that this Court deems proper and just.

## COUNT III

## DECLARATORY JUDGMENT THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY ANDREWS CONSTRUCTION FOR THE ALLEGATIONS OF GROSS NEGLIGENCE AGAINST IT IN THE THIRD AMENDED COMPLAINT BASED ON THE "EXPECTED OR INTENDED INJURY" EXCLUSION.

68.     SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

69.     Under the terms of the Policy, SOIC agreed to afford coverage to ANDREWS CONSTRUCTION for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

70.     The "Expected Or Intended Injury" exclusion applies to "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

71.     The Farrera's assert that ANDREWS CONSTRUCTION alleged negligence was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct and conditions and as a result arose to the level of gross negligence.   A

19

"conscious" disregard is alleged is tantamount to expecting or intending the alleged injury to occur, thus the allegations of gross negligence are excluded.

72.    Florida public policy also excludes insurance coverage for "punitive damages", thus to the extent the Third Amended Complaint can be construed to allege punitive damages, such damages are not covered by the SOIC policy.

73.    SOIC is entitled to a Judgment declaring that ANDREWS CONSTRUCTION is afforded no coverage under the Policy for any damages for the "Gross Negligence" alleged in the underlying lawsuit .

WHEREFORE, SOUTHERN-OWNERS INSURANCE COMPANY respectfully requests that this Honorable Court enter Judgment ANDREWS CONSTRUCTION is afforded no coverage under the Policy for the "Gross Negligence" claims asserted and the damages sought by JUAN FARRERA and MINCA FARRERA in the underlying Complaint, and that SOUTHERN-OWNERS INSURANCE COMPANY consequently has no duty to defend or indemnify ANDREWS CONSTRUCTION against those claims and that SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action; and an any further relief that this Court deems proper and just.

## COUNT IV

## DECLARATORY JUDGMENT THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY JASON ANDREWS FOR THE ALLEGATIONS OF AGAINST HIM IN THE THIRD AMENDED COMPLAINT BASED ON THE "WORKERS COMPENSATION AND SIMILAR LAWS" EXCLUSION.

74.     SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

75.     Under the terms of the Policy, SOIC agreed to afford coverage to JASON ANDREWS for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

76.     JASON ANDREWS seeks indemnity pertaining to alleged damages that took place during the applicable policy period.   However, the "Workers Compensation and Similar Laws" exclusion applies to said damages, and as a result, the Policy issued to JASON ANDREWS does not cover said damages.

77.     SOIC is entitled to a Judgment declaring that JASON ANDREWS is afforded no coverage under the Policy for any damages alleged in the underlying lawsuit based on the "Damage To Your work" exclusions.

WHEREFORE,    SOUTHERN-OWNERS    INSURANCE    COMPANY respectfully requests that this Honorable Court enter Judgment JASON ANDREWS is afforded no coverage under the Policy for the claims asserted and the damages

21

sought by JUAN FARRERA and MINCA FARRERA in the underlying Complaint, and that SOUTHERN-OWNERS INSURANCE COMPANY consequently has no duty to defend or indemnify JASON ANDREWS against those claims and that SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action; and an any further relief that this Court deems proper and just.

## COUNT V

### DECLARATORY JUDGMENT THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY ANDREWS CONSTRUCTION FOR THE ALLEGATIONS OF AGAINST IT IN THE THIRD AMENDED COMPLAINT BASED ON THE "WORKERS COMPENSATION AND SIMILAR LAWS" EXCLUSION.

78.    SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

79.    Under the terms of the Policy, SOIC agreed to afford coverage to ANDREWS CONSTRUCTION for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

80.    ANDREWS CONSTRUCTION seeks indemnity pertaining to alleged damages that took place during the applicable policy period.    However, the "Workers Compensation and Similar Laws" exclusion applies to said damages, and

as a result, the Policy issued to ANDREWS CONSTRUCTION does not cover said damages.

81.    SOIC is entitled to a Judgment declaring that ANDREWS CONSTRUCTION is afforded no coverage under the Policy for any damages alleged in the underlying lawsuit based on the "Damage To Your work" exclusions.

WHEREFORE, SOUTHERN-OWNERS INSURANCE COMPANY respectfully requests that this Honorable Court enter Judgment ANDREWS CONSTRUCTION is afforded no coverage under the Policy for the claims asserted and the damages sought by JUAN FARRERA and MINCA FARRERA in the underlying Complaint, and that SOUTHERN-OWNERS INSURANCE COMPANY consequently has no duty to defend or indemnify ANDREWS CONSTRUCTION against those claims and that SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action; and an any further relief that this Court deems proper and just.

**COUNT VI**

**DECLARATORY JUDGMENT THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY JASON ANDREWS FOR THE ALLEGATIONS OF AGAINST HIM IN THE THIRD AMENDED COMPLAINT BASED ON THE "EMPLOYER'S LIABILITY" EXCLUSION.**

82.     SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

83.     Under the terms of the Policy, SOIC agreed to afford coverage to JASON ANDREWS for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

84.     JASON ANDREWS seeks indemnity pertaining to alleged damages that took place during the applicable policy period.   However, the "Employer's Liability" exclusion applies to said damages, and as a result, the Policy issued to ANDREWS CONSTRUCTION does not cover JASON ANDREWS for said damages.

85.     SOIC is entitled to a Judgment declaring that JASON ANDREWS is afforded no coverage under the Policy for any damages alleged in the underlying lawsuit based on the "Employer's Liability" exclusion.

WHEREFORE,   SOUTHERN-OWNERS   INSURANCE   COMPANY respectfully requests that this Honorable Court enter Judgment JASON ANDREWS is afforded no coverage under the Policy for the claims asserted and the damages sought by JUAN FARRERA and MINCA FARRERA in the underlying Complaint, and that SOUTHERN-OWNERS INSURANCE COMPANY consequently has no duty to defend or indemnify JASON ANDREWS against those claims and that

SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action; and an any further relief that this Court deems proper and just.

## COUNT VII

### DECLARATORY JUDGMENT THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY ANDREWS CONSTRUCTION FOR THE ALLEGATIONS OF AGAINST IT IN THE THIRD AMENDED COMPLAINT BASED ON THE "EMPLOYER'S LIABILITY" EXCLUSION.

86.    SOIC hereby realleges and incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

87.    Under the terms of the Policy, SOIC agreed to afford coverage to ANDREWS CONSTRUCTION for certain defined damages and/or injuries that take place during the applicable policy periods as long as certain exclusions did not apply.

88.    ANDREWS CONSTRUCTION seeks indemnity pertaining to alleged damages that took place during the applicable policy period.   However, the "Employer's Liability" exclusion applies to said damages, and as a result, the Policy issued to ANDREWS CONSTRUCTION does not cover said damages.

89.    SOIC is entitled to a Judgment declaring that ANDREWS CONSTRUCTION is afforded no coverage under the Policy for any damages alleged in the underlying lawsuit based on the "Employer's Liability" exclusion.

WHEREFORE, SOUTHERN-OWNERS INSURANCE COMPANY respectfully requests that this Honorable Court enter Judgment ANDREWS CONSTRUCTION is afforded no coverage under the Policy for the claims asserted and the damages sought by JUAN FARRERA and MINCA FARRERA in the underlying Complaint, and that SOUTHERN-OWNERS INSURANCE COMPANY consequently has no duty to defend or indemnify ANDREWS CONSTRUCTION against those claims and that SOUTHERN-OWNERS INSURANCE COMPANY be awarded costs in this action; and an any further relief that this Court deems proper and just.

This 4th day of March, 2022.

Respectfully submitted,

s/s/ Gregory M. Shoemaker
Gregory M. Shoemaker
Florida Bar No.: 883890
**WADE, PALMER & SHOEMAKER, P.A.**
14 North Palafox Street
Pensacola, Florida 32502
(850) 429-0755
Attorney for Plaintiff