# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

      Plaintiff,

v.                                       CASE NO.: 5:22cv49-RH-MJF

JUAN FARRERA et al.,

      Defendants.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This insurance coverage dispute is before the court following the parties' stipulation for trial on the written record. This order sets out the court's findings of fact and conclusions of law.

I

Juan Farrera was working on a construction project when he fell through a roof and was injured. He was working for a roofing subcontractor, DeLeon Construction, LLC. The contractor was Jason Andrews Construction, Inc. ("JAC").

Mr. Farrera filed a lawsuit in Florida state court against JAC, Jason Andrews individually, DeLeon Construction, and the project owner. *See* ECF No. 29-4. The

third amended complaint in that lawsuit alleged, among other things, that Mr. Andrews was a JAC employee, *see id*. at ¶¶ 46 & 48, that he was Mr. Farrera's supervisor on the project, *id*. at ¶ 13, and that Mr. Andrews was grossly negligent, *id*. at ¶¶ 13 & 42, including by failing to provide Mr. Farrera safety equipment, *id*. at ¶¶ 15 & 27.

JAC was the named insured under a "tailored protection insurance policy"—a policy that included liability insurance—issued by Southern-Owners Insurance Company. ECF No. 1-1. Also insured under the policy were "executive officers" with respect to their duties as such. *Id*. at 40. For purposes of Mr. Farrera's state-court lawsuit, Mr. Andrews was an insured.

Southern-Owners asserts it has no duty to defend or indemnify JAC or Mr. Andrews because of two policy exclusions. Southern-Owners filed this federal action seeking a declaration to that effect. The defendants in this federal action are JAC, Mr. Andrews, and Mr. Farrera.

II

This section of this order closely tracks *Trisura Specialty Insurance Co. v. Lat 29, Inc.*, No. 4:21cv508-RH-MAF (N.D. Fla. May 12, 2022). The law set out here is well established and not reasonably subject to dispute.

This is a diversity action arising from issuance of an insurance policy in Florida to a Florida insured, so Florida law applies. *See, e.g.*, *Travelers Indem. Co.*

Case 5:22-cv-00049-RH-MJF   Document 53   Filed 05/30/23   Page 3 of 8

Page 3 of 8

*v. PCR Inc.*, 326 F.3d 1190, 1193 (11th Cir. 2003); *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1186 (11th Cir. 2002). An insurance policy "must be construed in accordance with the plain language of the policy," with ambiguities construed liberally in favor of the insured. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (quoting *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003)).

A well-settled principle is critical here:

> Under controlling Florida law, the issue of a liability insurer's duty to defend a lawsuit against its insured is governed by the terms of the insurance policy and the allegations of the complaint. This is sometimes denominated the "eight corners rule," a reference to the relevant inquiry's focus on the four corners of the policy and the four corners of the complaint. If the complaint alleges any claim that, if proven, might come within the insurer's indemnity obligation, the insurer must defend the entire action. Doubts are resolved in favor of the insured.

*Colony Ins. Co. v. Barnes*, 410 F. Supp. 2d 1137, 1139 (N.D. Fla. 2005) (footnotes collecting authorities omitted); *see also EmbroidMe.com, Inc. v. Travelers Prop. Co.*, 845 F.3d 1099, 1107 (11th Cir. 2017); *Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240, 1245 (11th Cir. 2015); *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005).

There is a narrow exception to the eight-corners rule: an insurer may be relieved of the duty to defend if an undisputed fact takes a claim outside the policy coverage, even if that fact does not appear in the complaint. *See, e.g.*, *Higgins v.*

*State Farm Fire & Cas. Co.*, 894 So.2d 5, 10 n.2 (Fla. 2004). The exception does not apply here.

### III

Southern-Owners says it has no duty to defend or indemnify JAC or Mr. Andrews based on two exclusions.

### A

The policy excludes "[a]ny obligation of the insured under a workers compensation, disability benefits, or unemployment compensation law or any similar law." ECF No. 1-1 at 23 § I.2.d. Mr. Farrera's action does not assert a workers' compensation claim, but Florida courts have construed language like this to exclude not just workers' compensation claims but also tort claims from which a defendant has workers' compensation immunity—or would have workers' compensation immunity had workers' compensation coverage been in place as it should have been. *See Fla. Ins. Guar. Ass'n v. Revoredo*, 698 So. 2d 890, 890-93 (Fla. 3d DCA 1997) (applying the exclusion when there should have been workers' compensation coverage but the employer failed to secure it); *see also Indian Harbor Ins. Co. v. Williams*, 998 So. 2d 677, 678-80 (Fla. 4th DCA 2009) (same); *Mid-Cont'l Cas. Co. v. Arpin & Sons, LLC*, 824 F. App'x 644 (11th Cir. 2020) (holding a statutory employee's claim excluded under a commercial liability policy); *Endurance Am. Spec. Ins. Co. v. United Constr. Eng'g, Inc.*, 786 F. App'x

195, 197-99 (11th Cir. 2019) (same); *Wesco Ins. Co. v. Don Bell, Inc.*, 574 F. App'x 872 (11th Cir. 2014); *Amerisure Ins. Co. v. Orange & Blue Constr., Ltd.*, 545 F. App'x 851 (11th Cir. 2013).

Mr. Farrera apparently was not within workers' compensation coverage provided by JAC or DeLeon Construction or anyone else, but he should have been. *See* Fla. Stat. § 440.02(15)(a) (defining "employee" broadly for worker's compensation purposes). This means, with one exception, that the workers' compensation exclusion, as construed under the cited cases, is applicable—that Southern-Owners' duty to defend or indemnify was not triggered by Mr. Farrera's claims.

The exception is this. Workers' compensation immunity does not bar an injured employee's gross-negligence claim against a fellow employee. *See Morales v. Zenith Ins. Co.*, 152 So. 3d 557, 562 (Fla. 2014); *see also Wright v. Hartford Underwriters Ins. Co.*, 823 So. 2d 241, 243 (Fla. 4th DCA 2002). In the underlying lawsuit, Mr. Farrera alleges Mr. Andrews, a fellow employee for relevant purposes, *see* Fla. Stat. § 440.02(15)(b), was grossly negligent. Workers' compensation immunity does not apply to this claim, so the insurance policy's workers' compensation exclusion also does not apply.

B

The policy excludes injury to an "employee" of the insured arising out of and in the course of employment. ECF No. 1-1 at 23 § I.2.e. The policy says "employee," a defined term, "does not include a 'temporary worker.'" *Id.* at 36 § V.6. The policy defines "temporary worker" as a person who is furnished to the insured to substitute for a permanent employee on leave "or to meet seasonable or short-term workload conditions." *Id.* at 39 § V.22.

On October 10, 2018, Hurricane Michael caused extensive damage in Panama City, Florida, where the project at issue was located. JAC, like many local contractors, became exceptionally busy. To meet its increased workload, JAC brought in DeLeon Construction, who hired Mr. Farrera on a cash basis for a short period. He had been there no more than three weeks when he fell.

Mr. Farrera was brought in to meet short-term workload conditions. He was a "temporary worker," not an "employee," as defined in the policy, so the employee exclusion does not apply.

In asserting the contrary, Southern-Owners notes that Mr. Farrera was JAC's statutory employee as that concept is used in Florida law. But as should be obvious, when an insurance policy defines a term, the policy's definition applies to that term as used in the policy. The Florida Supreme Court so held in *Altman Contractors, Inc. v. Crum & Foster Specialty Insurance Co.*, 232 So. 3d 273, 276

(Fla. 2017). *See also Travelers Indem. Co. v. PCR, Inc.*, 889 So. 2d 779, 788 (Fla. 2004). Southern-Owners included in its policy a definition of "employee," so that definition applies to the word "employee" as used in the policy. Mr. Farrera was not an "employee" under the policy.

IV

Because the policy covers Mr. Farrera's gross-negligence claim against Mr. Andrews and the exclusions invoked by Southern-Owners do not apply to that claim, Southern-Owners has a duty to defend Mr. Andrews from all the claims in the state-court lawsuit. If Mr. Farrera prevails on his gross-negligence claim against Mr. Andrews, Southern-Owners will have a duty to indemnify Mr. Andrews on that claim.

The parties have not briefed the question whether, if Southern-Owners has a duty to defend Mr. Andrews against all claims in the state-court lawsuit (as this order now holds), but would not separately have a duty to defend JAC because of the workers' compensation exclusion, the duty to defend Mr. Andrews carries with it a duty to defend JAC. *Compare Morales*, 152 So. 3d at 562 (discussing *Wright*: "Wright alleged that his injuries were the result of a fellow employee's gross negligence, for which his employer was vicariously liable. This allegation implicated a statutory exception to workers' compensation immunity and allowed Wright to pursue a civil remedy.") (internal citations omitted), *with Vallejos v. Lan*

*Cargos S.A.*, 116 So. 3d 545, 551 (Fla. 3d DCA 2013) (holding the gross-negligence exemption applies only to fellow employees and is not imputed to the employer). The issue may be unimportant; with an obligation to defend Mr. Andrews, Southern-Owners may prefer to provide the entire defense. This order directs the clerk to set a status conference so that this issue—or the schedule and procedure for addressing it—may be discussed.

IT IS ORDERED:

1. It is declared that Southern-Owners has a duty to defend Jason Andrews on all claims asserted against him in Juan Farrera's pending state-court lawsuit.

2. The clerk must set a status conference by telephone for the first available date on or after June 12, 2023.

SO ORDERED on May 30, 2023.

s/Robert L. Hinkle<br>United States District Judge